UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: Karen Marie Kline,

                                Case No. 13-05-12174 JS

    Debtor.

Karen Marie Kline,

    Plaintiff,

v.                                                                                Adv. No. 09-01035 J

Deutsche Bank National Trust Company,
and Richard Leverick,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the various motions for summary judgment filed by the parties. Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Richard Leverick ("Leverick") filed three separate Motions for Summary Judgment, on March 23, 2009 and August 10, 2009. Karen Marie Kline ("Plaintiff," "Debtor" or "Kline"), acting *pro se*, filed a Motion for Summary Judgment and Memorandum and Affidavit in Support on August 14, 2009.

This adversary proceeding arises from Plaintiff's claims of alleged stay violations based on conduct occurring during litigation in a state court foreclosure proceeding brought by Deutsche Bank, represented by Mr. Leverick, against Plaintiff. On March 5, 2009, Plaintiff filed her Adversary Proceeding Complaint for Damages for Willful Violation of the Automatic Stay alleging that Defendants willfully violated 11 U.S.C. §362(a)(1), (3), (4), (5), and (6) in pursuing foreclosure of her property located at 729 W. Manhattan Avenue #3, Santa Fe, New Mexico, and alleging that Mr. Leverick engaged in deceit or collusion in violation of NMSA §36-2-17 in his

conduct during the foreclosure proceeding. Plaintiff seeks recovery of compensatory damages, damages for emotional distress, punitive damages, costs and interest pursuant to 11 U.S.C. §362(h)[1] for Defendants' alleged violation of the automatic stay. Additionally, Plaintiff seeks treble damages from Mr. Leverick for violation of NMSA §36-2-17.

Defendants filed their Motion for Summary Judgment ("First Motion") (Docket No. 8) and accompanying Memorandum in Support (Docket No. 9) asserting that Defendants did not violate the automatic stay, and that Plaintiff's claim of a stay violation is barred by *res judicata*. Defendants contend that this claim was fully litigated in the state court, and that both the state district court and state court of appeals found Plaintiff's claim lacked merit. Plaintiff in her response to the First Motion does not address the *res judicata* issue, and reiterates her stay violation claims. *See* Plaintiff's Objection to Motion for Summary Judgment and Memorandum and Affidavit in Support (Docket No.13).

Defendants' Second Motion for Summary Judgment ("Second Motion") (Docket No. 34) asserts that Defendants are entitled to summary judgment on the stay violation claim under the doctrine of collateral estoppel. Defendants contend that Ms. Kline seeks to re-litigate ultimate facts or issues actually and necessarily decided in the state court foreclosure. Ms. Kline in response asserts that her "federal bankruptcy court issues" were not litigated in the state court because the state court lacked jurisdiction. *See* Plaintiff's Response to Defendants' Second Motion for Summary Judgment and Their Memorandum (Docket No. 44).

Defendants' Third Motion for Summary Judgment ("Third Motion") (Docket No. 36) asserts that Defendants are entitled to summary judgment on Plaintiff's claims against Mr. Leverick for violation of NMSA §36-2-17 on the ground that Plaintiff has not produced any

---

[1] . The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") re-designated §362(h) as §362(k). However, revisions to §362 made by BAPCPA do not apply in this case because the alleged stay violation occurred prior to the effective date of BAPCA as it relates to 11 U.S.C. §362. The Court therefore will cite to §362(h) in this opinion, not §362(k).

evidence to support a finding that Mr. Leverick's conduct was done with "intent to deceive the court, judge or party," or that he in fact deceived the state court or that any deceit resulted in the entry of the foreclosure judgment. In her response, Plaintiff reasserts that she seeks damages under the statutory provision for Mr. Leverick's allegedly deceitful conduct during the foreclosure proceeding. *See* Plaintiff's Objection to Defendants' (sic) Third Motion for Summary Judgment and Their Memorandum (Docket No.45).

Plaintiff filed her own Motion for Summary Judgment and Memorandum and Affidavit in Support ("Plaintiff's Motion") (Docket No.46) asserting that she is entitled to summary judgment on her claims for damages for willful violation of the automatic stay under 11 U.S.C. §362(a)(1), (2), (3), (4), (5), and (6) as well as on her claim for deceit or collusion in violation of NMSA §36-2-17. Plaintiff asserts that the exhibits attached to Plaintiff's Motion establish that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law. She contends that Defendants' conduct during the foreclosure litigation shows that they willfully violated the automatic stay, that they failed to take affirmative action to undo or reverse their violation, and that Mr. Leverick used deceit to accomplish the foreclosure sale. Defendants' response to Plaintiff's Motion incorporated by reference their three Motions for Summary Judgment. Defendants again assert that Plaintiff has already litigated the issues of service and stay violation in the state court foreclosure action, and that these issues are barred by *res judicata* and *collateral estoppel*.

The Court having reviewed the motions and responses, and being fully sufficiently advised, finds that the evidence presented is not sufficient to grant summary judgment on the First Motion, the Second Motion or Plaintiff's Motion, and therefore will deny those motions. The Court further finds that it does not have jurisdiction to adjudicate any claims arising from the

alleged violation under NMSA §36-2-17, and therefore will deny the Third Motion and dismiss Plaintiff's claims under NMSA §36-2-17.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. The party requesting summary judgment must demonstrate to the Court that the undisputed facts entitle the movant to judgment as matter of law.[2] The party opposing summary judgment may not rest upon allegations or denials contained in its own pleading, but must "set out specific facts showing a genuine issue for trial." Rule 56(e)(2), Fed.R.Civ.P. To successfully defend against a motion for summary judgment, the affidavits and/or other documentation offered by the party opposing summary judgment must contain probative evidence that would allow a trier of fact to find in Defendant's favor. In determining whether summary judgment should be granted, the Court must view the facts in the light most favorable to the party opposing summary judgment.[3]

## UNDISPUTED FACTS

Ms. Kline filed her voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq*, on March 21, 2005 commencing a bankruptcy case assigned No. 05-12174 (the "Chapter 13 Case"). Deutsche Bank was the holder of a residential note secured by a mortgage granted by the Debtor to Deutsche Bank against property having the street address

---

[2] *See Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). ("[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact.").

[3] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' ")); *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

of 729 W. Manahattan Avenue #3, Santa Fe, New Mexico (the "Condo"). Deutsche Bank filed a Complaint For Foreclosure ("Complaint") in Cause No. D-101-CV-2005-0515, Santa Fe County District Court, New Mexico, on March 9, 2005, to foreclose the mortgage (the "State Court Action"). Deutsche Bank filed an Amended Complaint (the "Amended Complaint") for foreclosure on March 16, 2005 to add parties to the litigation. Deutsche Bank served the original Complaint on Ms. Kline pre-petition on March 18, 2009 by personal service, and served the Amended Complaint on Ms. Kline post-petition on March 29, 2009.

Ms. Kline listed the Condo on Schedule A of her schedules filed in the Chapter 13 Case on March 21, 2005 (the "Schedules") (Docket No. 1 in the Chapter 13 Case)[4]. On Schedule D, Ms. Kline listed the Condo as subject to a lien in favor of Ocwen Federal Bank FSB. Neither Deutsche Bank nor Richard Leverick are listed as creditors in the Schedules, and neither was included on the mailing list generated by the Clerk of Court for the Chapter 13 Case when the case was filed. A Certificate of Service filed of record in the Chapter 13 Case reflects service on March 25, 2005 of the Notice of Chapter 13 Bankruptcy Case, which gave notice of the commencement of the Chapter 13 Case, on Ocwen Federal Bank, 12650 Ingenuity Dr., Orlando, FL 32826-2717 but does not reflect service of the Notice on Deutsche Bank or Richard Leverick. (Docket No. 4 in the Chapter 13 Case).

On June 1, 2005, "Ocwen Federal Bank FSB, loan servicing agent for Deutsche Bank" filed a Motion for Relief from Stay to permit it to proceed with the State Court Action. (Docket No. 20 in the Chapter 13 Case). As a result of Ms. Kline having failed to file a timely objection to the stay motion, the Court entered a Default Order Granting Relief From Stay on July 1, 2005

---

[4] The Court takes judicial notice of the contents of the court file. See *In re SAI Holdings Ltd.*, Slip Copy, 2009 WL 1616663, *1 (Bankr.N.D.Ohio, 2009); *St. Louis Baptist Temple Inc. v FDIC*, 605 F.2d 1169, 1172(10th Cir.1979)("[A] court may take judicial notice whether requested or not of its own records and files, and facts which are part of its public records…. The doctrine of judicial notice has been utilized, *sua sponte*, when the defending party's motion for summary judgment is predicated on affirmative defenses such as *res judicata* or *collateral estoppel*.")

modifying the automatic stay to allow Deutsche Bank to proceed with the State Court Action. (Docket No. 27 in the Chapter 13 Case ). Thereafter, Deutsche Bank prosecuted the foreclosure action in state court. On July 13, 2005, Plaintiff's bankruptcy case was dismissed.

## DISCUSSION

A. Claims For Willful Violation of the Stay.

1. Defendants Have Not Established that They Had No Knowledge of the Chapter 13 Case.

Upon the filing of a voluntary petition under the Bankruptcy Code, 11 U.S.C. § 362 imposes an automatic stay applicable to all entities that prohibits actions against the debtor or against property of the bankruptcy estate. 11 U.S.C. §362(a). The scope of the automatic stay is broad[5] and specifically prohibits, among other things

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. §362(a)(1).

Section 362(h) provides that an individual injured by any willful violation of a stay shall recover actual damages, including costs and attorneys fees and, in appropriate circumstances, punitive damages. "A debtor alleging a violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed and that the debtor suffered damage as a result of the violation."[6] A "willful violation" does not require a specific intent to violate the automatic stay but only that the defendant has knowledge of the bankruptcy case and that the

---

[5] *See In re Sullivan*, 357 B.R. 847, 853 (Bankr.D.Colo. 2006)("The scope of the automatic stay is extremely broad.")(citing *In re Gagliardi*, 290 B.R. 808, 814 (Bankr.D.Colo. 2003)).
[6] *In re Panek*, 402 B.R. 71, 76 (Bankr.D.Mass.2009)

-6-

defendant's actions which violated the stay were intentional.[7] Absent notice or knowledge on the part of a creditor of the commencement or pendency of the bankruptcy case, there is still a violation of the stay but the violation is merely "technical," and no damages are to be awarded.[8] "Notice of the commencement or pendency of a bankruptcy case need not be formal in nature 'where the creditor had sufficient facts which would cause a reasonably prudent person to make further inquiry'."[9] Even an innocent stay violation (one committed without knowledge of the stay) becomes willful, if the creditor failed to remedy the violation after receiving notice of the stay.[10]

The threshold issue pertaining to the claim for violation of the automatic stay is whether Deutsche Bank and Mr. Leverick had notice or knowledge of the Chapter 13 Case at the time their alleged actions occurred in the prosecution of the foreclosure action prior to modification of the stay on July 1, 2005 to permit prosecution of the foreclosure action. Deutsche Bank and Mr. Leverick assert there was no violation of the automatic stay because "notice of the bankruptcy filing was mailed only to Deutsche Bank's loan servicer Ocwen, and not to either Defendant, and the Defendants were unaware of the Chapter 13 Case when service of the Amended Complaint was made.

Based on the record, the Court cannot conclude that there is no genuine issue of fact as to whether Deutsche Bank had knowledge of the Chapter 13 Case prior to service of the Amended Complaint. With certain exceptions not applicable here, knowledge acquired by an agent acting

---

[7] *In re Fisher*, 194 BR 525, 532 (Bankr.D.Kan.,1996); *Panek* 402 B.R.at 76(citing *Fleet Mortgage Group, Inc. v. Kaneb* 196 F.3d 265, (CA1, 1999)("the standard for a willfull violation of the automatic stay under 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constitute the violation").

[8] *In re McMullen*, 386 F.3d 320,330 (1st Cir. 2004)(citing *In re Will*, 303 Br 357, 364(Bankr.N.D.Ill.2003)(noting that no damages could be awarded under subsection 362(h) where creditor had not been listed, and hence had received no notice of the bankruptcy case and resultant automatic stay); *Shadduck v. Rodolakis*, 221 B.R. 573, 575(Bankr.D.Mass.1998)(no damages are allowable for technical violation, even where debtor nonetheless incurred attorney fees as result of violation).

[9] *In re Reed*, 102 BR 243, 245 (Bankr.E.D.Okl.,1989) (citing *In re Bragg*, 56 BR 46,49(Bankr.M.D.Ala,1985).

[10] *Gagliardi*, 290 B.R. at 818-819; *McMullan* 386 F.3d at 330 (Normally, however, a creditor that commits a technical violation of the automatic stay, due to lack of notice, has an affirmative duty to remedy the violation as soon as practicable after acquiring actual notice of the stay.)

within the scope of its agency is imputed to the principal for purposes of determining whether the principal willfully violated the automatic stay; and under this doctrine, knowledge of a loan servicer can be imputed to the lender.[11] Defendants have submitted no evidence of the relationship between Deutsche Bank and Ocwen, other than a recitation that Ocwen was a loan servicer for Deutsche Bank[12], and have submitted no evidence regarding when Ocwen received the notice of the Chapter 13 Case or otherwise knew the Chapter 13 Case was pending.

Likewise, based on the record, the Court cannot conclude that there is no genuine issue of fact as to whether Mr. Leverick had knowledge of the Chapter 13 Case prior to service of the Amended Complaint. [13] Defendants' statement of material facts asserts that when the Amended Complaint was served Mr. Leverick was unaware of the Chapter 13 Case and such service was not done with the intention, on his part, of violating the stay.[14] Ms. Kline has not specifically disputed this fact. However, Mr. Leverick does not refer to any pleadings, affidavits, deposition transcripts, discovery responses, or any other evidence to support his assertions, and the Court has found none. Absent any evidence regarding when Mr. Leverick obtained actual knowledge of the Chapter 13 Case, the Court cannot conclude that there is no genuine issue of fact as to

---

[11] *E.g. In re Crawford*, 388 B.R. 506, 519 (Bankr. S.D.N.Y. 2008) (notice to loan servicer Owen Federal Bank FSB imputed to lender HSBC Bank for purposes of determining whether a willful violation of the stay occurred); *Haile V. York*, 90 B.R. 51, 55 (Bankr.W.D.N.Y. 1988)(notice to Alan Joseph Law office was imputed to creditor New York State Higher Educ. Services Corp. for purposes of determining whether a willful violation of the stay occurred.)

[12] Ocwens's filing of a stay motion in the Chapter 13 Case in its own name as servicing agent for Deutsche Bank suggests the existence of an agency relationship between the two in relation to assertion of Deutsche Bank's claims against Plaintiff.

[13] Even if Deutsche Bank and/or Mr. Leverick had knowledge of the Chapter 13 Case prior to service of the Amended Complaint, Plaintiff would still need to prove damages resulting from a stay violation. Given the limited activity that occurred in the foreclosure action between commencement of the Chapter 13 Case and entry of the order granting relief from the stay to permit prosecution of the foreclosure action to proceed, it is not clear from the record what actual damages Plaintiff suffered that can be attributed to a stay violation.

[14] Ocwen's knowledge of the Chapter 13 Case would not be imputed to Mr. Leverick because in the relationship, if any, Mr. Leverick would not be the principal. *See Siharath v. Citifinancial Servs.* (*In re Siharath*), 285 B.R. 299, 304 (Bankr. D.Minn.2002) (a principal's undisclosed knowledge is not imputed to the agent); *In re Manzanares*, 345 B.R. 779,792-93 (Bankr.S.D.FLA.2006) (agency law generally does not hold agents responsible for knowledge possessed only by their principal).

whether he knew of the Chapter 13 Case before service of the Amended Complaint even though Ms. Kline does not specifically dispute this fact.[15]

## 2. Plaintiffs Claims are Not Barred under the Doctrine of Res Judicata

In the First Motion, Defendants also assert that Plaintiff's claims are barred by *res judicata* because Plaintiff raised the issue that the automatic stay was violated during the foreclosure proceeding, and that the "Plaintiff's arguments on the alleged violation of the automatic stay in the bankruptcy were briefed, argued and denied."[16] Res judicata is an affirmative defense that must be raised and established by a defendant. Fed.R.Civ.P. 8(c). Under the doctrine of *res judicata*, a final judgment on the merits precludes the parties or their privies from relitigating claims.[17] For the doctrine to apply, three conditions must be satisfied: (1) the parties must be identical or in privity; (2) the suit must be based on the same cause of action; and (3) a final judgment on the merits must have been made in the prior action.[18] "Res judicata will not apply where the initial forum did not have the power to award the full measure of relief sought in the later litigation."[19]

---

[15] Rule 56(e) provides, in relevant part, that:
> Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

See also *D.H. Blair & Co., Inc. v. Gottidiener*, 462 F.3d 95, 110 (2nd Cir. 2006) ("If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.")(quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2nd Cir. 2004)(emphasis in original)); *One Piece of Real Property,* 363 F.3d at 1101-1102 (to the same effect); *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir. 1989)(per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."); *John v. State of Louisiana (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698, 708 (5th Cir. 1985)(the movant has the burden of demonstrating the absence of a material fact even if no response to the summary judgment motion is made).

[16] See Memorandum in Support of Defendants' Motion For Summary Judgment (Doc 9) at page 18 filed herein.

[17] *In re Thomas*, 362 BR 478, 484-85 (10th Cir. BAP. 2007). *In re S.N.A. Nut Co.,* 215 B.R. 1004,1008 (Bankr.N.D.Ill. 1997); *In re Miller*, 153 B.R. 269, 272 (Bankr.D.Minn. 1993).

[18] *In re Vigil*, 250 BR 394, 396 (Bankr.D.N.M.,2000)("*Res judicata,* also known as claim preclusion, requires the presence of the following elements: 1) a final judgment on the merits in a prior action; 2) same parties in both suits (or party is in privity with a party to the prior suit); and 3) same cause of action in both suits.")

[19] *Burgos v. Hopkins*, 14 F.3d 787, (2nd Cir., 1994)(citing *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir.1986); *McLearn v. Cowen & Co.,* 48 N.Y.S.2d 696, 422 N.Y.S.2d 60, 61, 397 N.E.2d 750 (1979).

Although Defendants assert, in support of the application of *res judicata*, that the stay violation issue was briefed, argued and denied in the State Court Action, Defendants have not cited to anything in the record in the State Court Action demonstrating that Plaintiff asserted a claim in the state court that she is entitled to damages under 11 U.S.C. §362(h) as a result of a willful violation of the stay or that such a claim was decided in state court.[20] Since there is no evidence that such claim was asserted or determined in state court, this Court cannot conclude that the State Court Action precludes litigation of the claim in bankruptcy court under the doctrine *of res judicata*.[21] The Court therefore finds that the First Motion should be denied.

3.  <u>Plaintiffs Claims are Not Barred under the Doctrine of Collateral Estoppel</u>

Issue preclusion or collateral estoppel "is a doctrine that bars relitigation between the same parties or their privies of issues of ultimate fact that may have been determined by a valid and final judgment." [22] The collateral estoppel doctrine serves to protect parties from multiple lawsuits, prevent inconsistent decisions and to conserve judicial resources.[23] In litigation where the parties do not have the opportunity to "fully and fairly" litigate an issue, collateral estoppel may not apply.[24]

Defendants assert that collateral estoppel prevents re-litigation of the alleged stay violation, and in the Second Motion incorporate their Statement of Uncontested Material Facts contained in the First Motion. Defendants set forth facts that at the various hearings in the foreclosure proceeding Plaintiff raised the issue that the Defendants violated the automatic stay

---

[20] *Id.*

[21] Further, even if a claim under 11 U.S.C. §362(h) had been adjudicated in state court, it is not at all clear that it would be binding on this Court. There is substantial authority for the proposition that the Bankruptcy Court has exclusive jurisdiction to impose sanctions under the Bankruptcy Code for violation of the automatic stay. E.g. *In Eastern Equipment & Services Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 120-21 (2d Cir.2001); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 913-16 (9th Cir.1996); *In re Theokary*, 2008 WL 5329310 (Bankr. E.D. Pa 2008); *In re Benalcazar*, 283 B.R. 514 (Bankr. N.D. Ill. 2002); *Halas v. Platek*, 239 B.R. 784, 792 (N.D.Ill.1999). Cf., *In re Lucas*, 312 B.R. 559, 571 (Bankr.D.Md.2004)*; In re Startec Global Communications Corp.*, 292 B.R. 246, 254 (Bankr.D.Md .2003).

[22] *In re Putvin*, 332 B.R. 619, 624 (10th Cir. BAP 2005).

[23] *Id.* at 624-625.

[24] *General Signal Corp. v. Rosania (In re Rexotech California, Inc*.) 968 F.2d 1224 (10th Cir. 1992);

-10-

by failing to re-serve plaintiff with the amended complaint. Defendants cite to New Mexico case law for the proposition that collateral estoppel does not require that both suits be based on the same cause of action,[25] and assert that this adversary proceeding is attempting to do just that, re-litigate "ultimate facts or issues actually decided in a prior suit."

This Court disagrees. Defendants have not supported the Second Motion with evidence that the stay violation issue was actually and necessarily litigated in state court. The state court proceeding focused on the foreclosure of the Plaintiff's Condo.[26] While Plaintiff may have raised the issue that the automatic stay was violated, the state court did not make specific findings whether and when Defendants had knowledge of the Chapter 13 Case or whether any knowledge by Ocwen was imputed to Deutsche Bank. The state court's finding that Plaintiff failed to timely answer or file a responsive pleading to the complaint for foreclosure and its issuance of a default judgment, and the affirmance of that decision on appeal, does not foreclose Plaintiff's claim under Bankruptcy Code §362(h).

This Court, therefore, finds Defendants Second Motion should be denied.

### 4. Plaintiff Has Not Established She is Entitled to Summary Judgment

Plaintiff's Motion for Summary Judgment asserts that the Defendants violated the automatic stay and then proceeded with the foreclosure based on the amended complaint. Plaintiff repeatedly claims that Defendants should have made efforts to undo their actions that violated the automatic stay. She contends that the amended complaint seeking foreclosure of her property should have been re-served on her after the order granting relief from the automatic stay was entered.

---

[25] Bankruptcy Courts have also held that collateral estoppel precludes relitigation of issues actually litigated where the second action is based on a different cause of action from the first cause of action. See *In re Edie*, 314 B.R.6, 11 (Bankr.D.Utah 2004); *In re Lewis*, 271 B.R. 877, 883 (10th Cir. BAP 2002; *In re Schwarten*, 194 B.R. 239, 244-245 (Bankr.D.Kan 1996); *In re Lindsay*, 55 B.R. 569, 572 (Bankr.Okl. 1985).

[26] The Summary Judgment, Stipulated Judgment, Default Judgment, Decree of Foreclosure, Order of Sale and Appointment of Special Maser entered in the state district court on December 15, 2005 grants the relief requested by Deutsche Bank, foreclosure of the Condo.

Plaintiff's statement of material facts set forth in her Memoranda contain no references to any pleadings, affidavits, deposition transcripts, discovery responses, or any other evidence to support her assertions that at the time of service of the Amended Complaint either Deutsche Bank or Mr. Leverick had knowledge of the Chapter 13 Case, that service of the Amended Complaint was done with the intention of violating the stay, or that re-service of the Amended Complaint on Plaintiff after the stay relief was granted was required.  In fact, the record reflects that the state court did not require Defendant to re-serve the amended complaint on the Plaintiff.[27]  Absent any evidence in the record to support her motion for summary judgment, the Court cannot find that Plaintiff is entitled to judgment as a matter of law based on facts that are not in genuine dispute.

> B. <u>The Court Lacks Jurisdiction to Hear or Determine the Claim for Violation of NMSA 36-2-17.</u>

Defendants' Third Motion asserts that Defendants are entitled to summary judgment on Plaintiff's claims against Mr. Leverick for violation of NMSA §36-2-17 NMSA 1978. NMSA§36-2-17, states in pertinent part:

> If an attorney is guilty of deceit or collusion or consents thereto with intent to deceive the court, judge or party, he shall forfeit to the injured party, treble damages to be recovered in a civil action.

Plaintiff contends that Defendant Leverick was deceitful in the pleadings filed and at hearings held in the state court foreclosure action and as a result Plaintiff was damaged by the foreclosure and sale of her condo as well as suffered emotional distress.

---

[27] The Summary Judgment, Stipulated Judgment, Default Judgment, Decree of Foreclosure, Order of Sale and Appointment of Special Maser entered in the state district court on December 15, 2005 makes a finding that the Plaintiff, herein, failed to appear or plead in the foreclosure proceeding.  Then on June 20, 2006 the state district court entered orders denying Plaintiff's Rule 59 Motion for Reconsideration and Rule 60 Motion to Set Aside Order Approving Foreclosure Sale wherein Plaintiff attempted to vacate the foreclosure judgment by asserting that the Amended Complaint was served in violation of the automatic stay; was therefore void and Defendants should be required to be re-serve the complaint.

This Court lacks jurisdiction to hear or determine this claim.[28] The Chapter 13 Case was dismissed on July 13, 2005. Plaintiff's claim for violation of NMSA §36-2-17 is governed entirely by nonbankruptcy law and exists independently of a bankruptcy case. Further, resolution of the claim would have no impact on the handling or administration of the Chapter 13 Case and would have no conceivable effect on the bankruptcy estate. As a result, the claim is not a claim arising under title 11 or arising in or related to a case under title 11, and the Court has no jurisdiction to hear or determine the claim.[29]

Although the bankruptcy court has jurisdiction over certain matters after dismissal of a bankruptcy case, such as jurisdiction over a claim for willful violation of the stay or to interpret and enforce its orders,[30] Ms. Kline's claim of violation of NMSA§36-2-1 in the conduct of the state court foreclosure proceeding does not fall under the auspices of the court's post-dismissal jurisdiction. Therefore the Court will deny the Third Motion for Summary Judgment, and enter

---

[28] Although no party raised the question of jurisdiction, this Court has an obligation to dismiss a claim *sua sponte* if the court has no subject matter jurisdiction. See *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006)( stating "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"); *Williams v. Life Sav. And Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986)("It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue.")

[29] *See* 28 U.S.C. § 1334(a) and (b) (conferring exclusive jurisdiction on the district courts over all cases under title 11, and original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(b) (providing that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11"). S*ee also In re Johnson*, 575 F.3d 1079, 1082 (10th Cir. 2009) (bankruptcy courts have jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11", and may hear non-core proceedings that are related to a case under title 11)(quoting 28 U.S.C. § 157(b)(1)); *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (stating that "[b]ankruptcy courts have jurisdiction over core proceedings . . . [which] are proceedings which have no existence outside of bankruptcy."); *VonGrabe v. Mecs (In re VonGrabe),* 332 B.R. 40, 43-44 (Bankr. M.D.Fla. 2005) (concluding that the Court lacked jurisdiction over an adversary proceeding filed by the Chapter 7 debtor where the claims at issue reverted back to the debtor upon abandonment by the trustee and the asset was no longer part of the bankruptcy estate; the outcome of the proceeding would have no conceivable impact on the administration of the bankruptcy estate)(citations omitted).

[30] *In re Johnson,* 575 F.3d 1079, 1083 (10th Cir. 2009)(Even after the dismissal of a bankruptcy case, it is appropriate for bankruptcy courts to maintain jurisdiction of proceedings involving stay violations); *In re Menk,* 241 B.R. 896, 906 (9 Cir. BAP 1999); *Rodriguez v. Volpentesta (In re Volpentesta),* 187 B.R. 261, 270-71 (Bankr.N.D.Ill.1995)("Issues of dischargeability of particular debts survive dismissal"); *Elias v. U.S. Trustee (In re Elias)*, 188 F.3d 1160, 1162 (9th Cir.1999)("Issues of compensation and sanctions survive dismissal."); *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326-27(9th Cir.1986)("The bankruptcy court retains subject-matter jurisdiction to interpret orders entered prior to dismissal").

an order dismissing Plaintiff's claim against Mr. Leverick for violation of NMSA §36-2-17 based on lack of subject matter jurisdiction.

## CONCLUSION

The Court therefore finds that the parties have failed to provide admissible evidence sufficient to grant Defendants' First Motion, Second Motion or Plaintiff's Motion, and will therefore deny each of those motions. The Court will deny Defendant's Third Motion based on lack of subject matter jurisdiction.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P. Appropriate orders will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: November 25, 2009

Copies to:
Karen Marie Kline, *pro se*
3255 Calle de Molina
Santa Fe, NM 87507-9262

Richard Leverick
5120 San Francisco Rd NE
Albuquerque, NM 87109-4610
*Attorney for Deutsche Bank National Trust Company*
*and Richard Leverick*