UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  KAREN MARIE KLINE,                                                No. 13-05-12174 JS

       Debtor.

KAREN MARIE KLINE,

       Plaintiff,

v.                                                                                        Adversary No. 09-1035 J

DEUTSCHE BANK NATIONAL TRUST COMPANY, and
RICHARD LEVERICK,

       Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO ANNUL BANKRUPTCY STAY

THIS MATTER is before the Court on the Defendants' Motion to Annul Bankruptcy Stay ("Motion to Annul") filed by Deutsche Bank National Trust Company ("Deutsche Bank") and Richard Leverick, by and through their attorneys Leverick and Musselman, LLC . (*See* Docket No. 41).  Plaintiff Karen Marie Kline, *pro se,* filed an objection on August 21, 2009. (*See* Docket No. 47).  The Court held a hearing on February 10, 2010 to consider all pending motions in this adversary proceeding and took the Motion to Annul the Stay under advisement.

Defendants request the Court to annul the automatic stay retroactive to the date of the filing of Plaintiff's bankruptcy petition, asserting that Plaintiff has improperly abused the bankruptcy process for the primary purpose of invoking the automatic stay in an attempt to thwart state court foreclosure proceedings.  Plaintiff denies that she intended to abuse the bankruptcy process, and points out that because the Defendants' post-petition actions were not voided but, instead, were allowed to stand, annulment of the automatic stay at this stage in the proceedings would only serve to excuse the stay violation.  After consideration of the Motion to

Annul Stay, and being otherwise sufficiently informed, the Court finds that Defendants have failed to demonstrate sufficient grounds to annul the stay retroactively. Consequently, the Court will deny the Motion to Annul Stay.

BACKGROUND AND PROCEDURAL HISTORY

Ms. Kline filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.,* on March 21, 2005 as Case No. 13-05-12174. Pre-petition, Deutsche Bank filed a Complaint for Foreclosure against Ms. Kline in Santa Fe County District Court as Cause No. D-101-CV-2005-0515 ("State Court Action"). Deutsche Bank filed an Amended Complaint in the State Court Action on March 18, 2005, and served the Amended Complaint on Ms. Kline post petition on March 28, 2005. Ms. Kline's bankruptcy case was dismissed on July 13, 2005 and closed on September 15, 2005.

On December 4, 2008, Ms. Kline filed an adversary proceeding against Deutsche Bank, Mr. Leverick, and others seeking damages for alleged willful violation of the automatic stay. (*See* Adversary Proceeding No. 08-1146). The Court dismissed Deutsche Bank and Mr. Leverick from Adversary Proceeding No. 08-1146 and directed Ms. Kline to file a separate adversary proceeding against those Defendants. (*See* Order Resulting from Motion to Dismiss Or, in the Alternative, Motion to Strike with Memorandum, Docket No. 23, Adversary Proceeding No. 08-1146). Ms. Kline filed this adversary proceeding against Deutsche Bank and Mr. Leverick on March 5, 2009 seeking, among other things, damages against Defendants based on alleged willful violations of the automatic stay in serving the summons and amended complaint in the State Court Action after the filing of voluntary bankruptcy petition. Defendants previously filed a Motion for Summary Judgment (Docket No. 8), which the Court denied on

2

November 25, 2009. (*See* Memorandum Opinion - Docket No. 69, and Order Denying Motion for Summary Judgment - Docket No. 70).

DISCUSSION

Under 11 U.S.C. § 362(d), the bankruptcy court has the power to modify the automatic stay, including annulling the stay retroactively. 11 U.S.C. § 362(d)(". . . . the court shall grant relief from the stay . . . such as by terminating, annulling, modifying or conditioning such stay . . ."); *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984)(explaining that "[t]he word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect . . ."). However, retroactive relief from the automatic stay is appropriate only in certain very limited circumstances, and should be granted only sparingly.[1] In *Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020 (10th Cir. 1994), the Tenth Circuit suggested that retroactive annulment of the automatic stay for the purpose of reinstating prior claims "is rare and probably available only to claimants who were honestly ignorant of the bankruptcy stay." *Franklin Savings,* 31 F.3d at 1023 (citations omitted).[2]

An action taken while the stay is in effect, but without knowledge of the automatic stay constitutes a "technical violation" of the automatic stay.[3] Whether Defendants had knowledge of the automatic stay when they served the amended complaint and summons in connection with the State Court Action is a material fact central to the resolution of Plaintiff's claim for willful

---

[1] *See Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 977 (1st Cir. 1997)(finding that "a rarely dispensed remedy like retroactive relief from the automatic stay must rest on a set of facts that is both unusual and unusually compelling."); *In re Laine,* 383 B.R. 166, 178 (Bankr.D.Kan. 2008)(stating that "Tenth Circuit authority is very clear that the circumstances in which a stay may be annulled are extremely limited."); *In re Dupuy,* 308 B.R. 843, 848 (Bankr.E.D.Tenn. 2004)("The equitable exceptions justifying annulment of the stay 'must be applied sparingly.'")(quoting *In re Printup,* 264 B.R. 169, 176 (Bankr.E.D.Tenn. 2001).

[2] *See also, Soares,* 107 F.3d at 977 (noting that "[w]hen a creditor inadvertently violates the automatic stay in ignorance of a pending bankruptcy, courts sometimes have afforded retroactive relief.")(citing *In re Jones,*63 F.3d 411, 412-413(5th Cir. 1995) and *Mutual Benefit Life Ins. Co. v. Pinetree, Ltd. (In re Pinetree, Ltd.),* 876 F.2d 34, 37 (5th Cir. 1989)).

[3] *See In re McMullen,* 386 F.3d 320, 330 (1st Cir. 2004)(noting that no damages could be awarded under § 362(h) where creditor had not been listed and did not receive notice of the bankruptcy case and the resultant automatic stay)(citing *In re Will,* 303 B.R. 357, 364 (Bankr.N.D.Ill. 2003)).

3

violation of the automatic stay.  The Court has previously denied Defendants' motion for summary judgment on that issue.  *See* Memorandum Opinion, pp. 7 – 9, Docket No. 79.  Given the Tenth Circuit's suggestion in *Franklin* that retroactive relief is likely only available when a mere "technical violation" of the automatic stay has occurred, it is not appropriate to grant Defendants retroactive relief from the automatic stay when it has not yet been determined whether Defendants had actual knowledge of the automatic stay when they took post-petition action.  Defendants have offered nothing in their Motion to Annul the Stay to support a finding that their post-petition action constituted a mere technical violation of the automatic stay.

Defendants candidly admit that the purpose of the instant Motion to Annul Stay is to defeat Plaintiff's pending claim against them for damages based on alleged willful violations of automatic stay.  (*See* Motion to Annul, p. 6  ". . . if Defendants obtain retroactive relief annulling the bankruptcy stay, there would be no violation, technical or otherwise, of the automatic stay in bankruptcy.").  Defendants do not seek retroactive annulment of the automatic stay for the purpose of reinstating a prior claim or to otherwise validate their post-petition action.  Rather, Defendants seek to annul the stay solely to undermine Ms. Kline's claims for willful violation of the automatic stay.  This sole purpose cannot serve as a sufficient ground to annul the automatic stay.  If the evidence ultimately demonstrates that there was only a technical violation of the automatic stay, no damages can be awarded, and there would be no reason to annul the stay.  If the stay violation was willful, Defendants should not be allowed to defeat the claim through retroactive annulment of the automatic stay.

Consideration of other factors courts have considered relevant to a determination of whether to annul the automatic stay does not change the result.  Such factors include: 1) whether the debtor filed the petition in bad faith or otherwise acted in bad faith; 2) the prejudice to

4

Case 09-01035-j    Doc 102    Filed 03/04/10    Entered 03/04/10 16:11:35 Page 4 of 6

creditors if retroactive relieve is not granted; 3) whether the debtor has complied with the Bankruptcy Code and Rules; 4) whether the creditor quickly acted to seek annulment of the automatic stay; 5) how quickly the debtor sought to set aside the action taken in violation of the stay; and 6) whether the creditor continued to violate the stay after learning of the bankruptcy, or moved expeditiously to seek annulment.[4]

      Even assuming for purposes of this opinion only (and without deciding) that Ms. Kline's filing of three bankruptcy cases evidences a lack of good faith, as Defendants assert,[5] annulment of the stay for the purpose of defeating Ms. Kline's damages claim is not appropriate. Defendants will not be prejudiced if retroactive stay relief is not granted. If their actions were in technical violation of the stay, no damages will be awarded. If their actions were in willful violation of the stay, the Court will consider whether and to what extent damages should be awarded based on the evidence. Further, Deutsche Bank did not seek annulment of the stay shortly after it learned of Ms. Kline's bankruptcy case, nor when it sought relief from the automatic stay by motion filed June 1, 2005. (*See* Case No. 13-05-12174 - Docket No. 20).

---

[4] *See In Elder-Beerman Stores, Corp.,* 195 B.R. 1012, 1017 (Bankr.S.D.Ohio 1996)(stating that "the debtor's bad faith in filing the bankruptcy petition and the moving party's knowledge of the bankruptcy at the time of its action" are relevant to the determination of whether cause exists to annul the automatic stay); *Scrima v. John Devries Agency, Inc.,*103 B.R. 128, 135 (W.D.Mich. 1989)(noting that "[g]enerally, courts grant or affirm annulments of automatic stays only where evidence of the debtor's bad faith exists."); *In re Fjeldsted,* 293 B.R. 12, 25 (9th Cir. BAP 2003)(enumerating the following additional factors: "1. Number of filings; 2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; 3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser; 4. The Debtor's overall good faith . . . ; 5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem; 6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules; 7. The relative ease of restoring parties to the *status quo ante;*8. The costs of annulment to debtors and creditors; 9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; 10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; 11. Whether annulment of the stay will cause irreparable injury to the debtor; 12. Whether stay relief will promote judicial economy or other efficiencies.")

[5] Defendants requested an evidentiary hearing on their motion to annul the stay for the sole purpose of presenting evidence of Ms. Kline's bad faith. Since the result reached in this case would not change regardless of whether bad faith were proven, an evidentiary hearing on the motion to annul the stay is not necessary.

5

Defendants waited until years later to seek to annul the stay, *after* Ms. Kline filed her complaint seeking damages against them for a willful stay violation.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Annul Stay is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 4, 2010

COPY TO:

**Karen Marie Kline**
Plaintiff
3255 Calle de Molina
Santa Fe, NM 87507-9262

**Richard Leverick**
Defendant, and Attorney for Deutsche Bank National Trust Company
5120 San Francisco Rd NE
Albuquerque, NM 87109-4610