UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: KAREN MARIE KLINE,           No. 13-05-12174 MS
                                                                           (Closed)
      Debtor.

KAREN MARIE KLINE,

      Plaintiff,

v.                                                                             Adversary No. 09-1035 J

DEUTSCHE BANK NATIONAL TRUST COMPANY and
RICHARD LEVERICK,

      Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the following cross-motions for summary judgment: 1) Defendants' Motion for Summary Judgment with Supporting Affidavits ("Defendants' Motion for Summary Judgment")(Docket No. 205)[1]; and 2) Plaintiff's 2nd Motion for Summary Judgment and Memorandum and Affidavits in Support, as amended by the Clarification of Plaintiff's Second Motion for Summary Judgment and Memorandum and Affidavits in Support (together, "Plaintiff's 2nd Motion for Summary Judgment")(Docket Nos. 209 and 210).[2] Plaintiff filed this adversary proceeding in March of 2009 seeking damages against Defendants under 11 U.S.C. § 362(k) based on an alleged willful violation of the automatic stay arising from certain actions that occurred in 2005 in connection with a foreclosure

---

[1] Plaintiff filed a response to Defendants' Motion for Summary Judgment (*See* Objection to Defendants' Motion for Summary Judgment – Docket No. 216), and Defendant filed a reply (*See* Defendants' Reply in Support of Their Motion for Summary Judgment with Supporting Memorandum and Affidavits (Doc. No. 205) - Docket No. 223).
[2] Defendants filed a response to Plaintiff's 2nd Motion for Summary Judgment (*See* Defendants' Response and Objections to Plaintiff's Second Motion for Summary Judgment and Memorandum and Affidavits in Support ("Defendants' Response")(Doc. No. 209 – Docket No. 217), Plaintiff filed a reply (*See* Plaintiff's Reply to Defendants' Objections to Plaintiff's 2nd Motion for Summary Judgment – Docket No. 220) and an addendum to her reply (*See* Addendum to Plaintiff's Reply to Defendants' Objections to Plaintiff's 2nd Motion for Summary Judgment – Docket No. 224).

action filed in the First Judicial District Court, State of New Mexico, County of Santa Fe as Case No. D-101-CV-2005-00515 (the "State Court Foreclosure Action"). Plaintiff initially claimed in this adversary proceeding that Defendants' post-petition service of an amended complaint in connection with the State Court Foreclosure Action constituted a willful violation of the automatic stay. Plaintiff no longer contends that service of the amended complaint constituted a willful violation of the automatic stay that would support a claim for damages under 11 U.S.C. § 362(k)(1).[3] Rather, Plaintiff asserts that by failing to take affirmative steps to stop the foreclosure proceeding after learning of Plaintiff's bankruptcy, Defendants' acted willfully in violation of the automatic stay. Plaintiff seeks actual and punitive damages under 11 U.S.C. § 362(k)(1).

After consideration of the cross-motions for summary judgment, supporting memoranda, affidavits, and exhibits, and being otherwise sufficiently informed, the Court finds that the facts not subject to material dispute establish that the Defendants' failure to stop the foreclosure proceeding following the termination of the automatic stay does not constitute a willful violation of the automatic stay under 11 U.S.C. § 362(k)(1) as a matter of law. Summary judgment will, therefore, be granted in favor of Defendants.

## SUMMARY JUDGMENT STANDARDS

It is appropriate for the Court to grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. In considering a motion for summary judgment, the Court must "'examine

---

[3]*See* Plaintiff's 2nd Motion for Summary Judgment, p. 31. (requesting "this Honorable Court find not that the service of the Amended Complaint was a willful violation of the automatic stay . . .").

2

the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Wolf v. Prudential Inc. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995)(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990)). Cross motions for summary judgment raise an inference that summary judgment may be appropriate. *In re Baines,* 337 B.R. 392 , 396 (Bankr.D.N.M. 2006). Nevertheless, before a Court may grant summary judgment, the Court must satisfy itself that the requesting party has independently satisfied the requirements of Rule 56(c). *See Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 998 (10th Cir. BAP 1997); *see also, Renfro v. City of Emporia,* 948 F.2d 1529, 1534 (10th Cir. 1991)(stating that a cross motion for summary judgment does not relieve the court of its obligation to determine if a genuine issue of material fact exists). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

FACTS NOT SUBJECT TO GENUINE DISPUTE

The following facts are not subject to genuine dispute:

1. Deutsche Bank filed the State Court Foreclosure Action on March 9, 2005 to foreclose its interest in certain real property located at 729 W. Manhattan Avenue #3, Santa Fe, New Mexico (the "Property").

2. Deutsche Bank served the original complaint in the State Court Foreclosure Action on March 18, 2005.

3. Deutsche Bank filed an Amended Complaint ("Amended Complaint") in the State Court Foreclosure Action on March 16, 2005, before service of the original complaint.

3

4. Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq*, on March 21, 2005 commencing bankruptcy case No. 13-05-12174 (the "Chapter 13 Bankruptcy Case").

5. Plaintiff listed the Property on Schedule A of her schedules filed in the Chapter 13 Bankruptcy Case.

6. Neither Deutsche Bank nor Richard Leverick were listed as creditors in the Plaintiff's schedules, and neither was included on the mailing list generated by the Clerk of Court for the Chapter 13 Case when the Chapter 13 Bankruptcy Case was filed.

7. A Certificate of Service filed of record in the Chapter 13 Bankruptcy Case reflects service on March 25, 2005 of the Notice of Chapter 13 Bankruptcy Case ("Notice"), which gave notice of the commencement of the Chapter 13 Bankruptcy Case to Ocwen Federal Bank. The Certificate of Service does not reflect service of the Notice on Deutsche Bank or Richard Leverick.

8. Deutsche Bank served the Amended Complaint on Plaintiff on March 29, 2005.

9. Ocwen Federal Bank notified Defendant Richard Leverick by e-mail on April 11, 2005 that Plaintiff had filed the Chapter 13 Bankruptcy Case.

10. "Ocwen Federal Bank FSB, loan servicing agent for Deutsche Bank" filed a Motion for Relief from Stay in the Chapter 13 Bankruptcy Case on June 1, 2005.

11. A Default Order Granting Relief from the Stay was entered in the Chapter 13 Bankruptcy Case on July 1, 2005.

12. On July 13, 2005, the Chapter 13 Bankruptcy Case was dismissed.

13. Between the time Defendants learned of the Chapter 13 Case and dismissal of the Chapter 13 case, Deutsche Bank took no action in the State Court Foreclosure Action to prosecute its claims against Plaintiff.

14. Deutsche Bank did not re-serve the Amended Complaint on Plaintiff after Plaintiff's Chapter 13 case was dismissed.

15. On August 5, 2005, Deutsche Bank filed a Memorandum in Support of Motion for Summary Judgment in the State Court Foreclosure Action.

16. Plaintiff filed an answer in the State Court Foreclosure Action in October of 2005.

17. The Certificate as to the State of the Record and Non-Appearance filed in the State Court Action on August 5, 2005 reflected that Plaintiff was served on March 29, 2005. (*See* Plaintiff's Exhibit 12).[4]

18. A Summary Judgment, Stipulated Judgment and Default Judgment ("Judgment for Foreclosure") was entered in the State Court Foreclosure Action on December 15, 2005. (*See* Plaintiff's Exhibit 16; Defendants' Exhibit A-1).

19. At a hearing in the State Court Foreclosure Action held March 8, 2006 on Defendants' request to approve the foreclosure sale, Plaintiff asserted, among other things, that Defendants were required to re-serve her with the Amended Complaint and that she was not in default. *See* Plaintiff's Exhibit 35a - Partial Transcript of hearing held March 8, 2006, p. 10, lines 11 – 17; p. 18, lines 7 – 17.   Defendants asserted that it was unnecessary to serve Plaintiff with the Amended Complaint. *Id.* at p. 11, lines 19 – 25, p. 12, lines 17 – 24.

20. At the conclusion of the hearing in the State Court Foreclosure Action held March 8, 2006, Judge Michael Vigil approved the entry of the Order Approving the Foreclosure Sale.

---

[4] It is unclear from the Certificate as to the State of the Record and Non-Appearance whether it refers to service of the original complaint or the Amended Complaint.

5

*See* Plaintiff's Exhibit 35a - Partial Transcript of hearing held March 8, 2006, p. 20. *See also* Order Approving Special Master's Report and Confirming Foreclosure Sale – Plaintiff's Exhibit 36.

21. At a hearing in the State Court Foreclosure Action on May 9, 2006, the state court considered Plaintiff's motion to set aside the Judgment for Foreclosure. At the hearing Plaintiff again argued that she was not properly served with the Amended Complaint, that service of the Amended Complaint was void because made in violation of the bankruptcy stay, and that Defendants were required to re-serve her with the Amended Complaint. *See* Exhibit A to Defendants' Response and Objections to Plaintiff's Second Motion for Summary judgment and Memorandum and Affidavits in Support (Doc. No. 209)("Defendants' Response") - Doc. 217 (Transcript from Hearing before the Honorable Michael E. Vigil on May 9, 2006 ("May 9, 2006 Transcript") p. 5, lines 6 – 8; p.6, line 23; pp. 9 – 10; p. 11, lines 19 – 24; p. 12; [Plaintiff's] Objection to Defendants' Motion for Summary Judgment ("Plaintiff's Response"), ¶ 19 – Docket 216 ("At the May 9, 2006 hearing Kline raised the issue of the Certificate as to the State of the Record being used to foreclose by default when the Certificate showed the Amended Complaint served on March 29, 2005, but did not show the existence of the automatic stay."); Plaintiff's Exhibit 36b.

22. The state court denied Plaintiff's motion to set aside the Judgment for Foreclosure finding that Defendants' service of the original complaint in the State Court Action on March 18, 2005 was valid service, and that Plaintiff failed to raise a meritorious defense to the foreclosure action. *See* May 9, 2006 Transcript, p. 27, lines 22 – 25; p. 28, lines 1 – 6; p. 31, lines 18 – 23; p. 33, lines 17 – 19, 22 – 23; Plaintiff's Response, ¶ 20 ("At the May 9, 2006 hearing Judge

6

Vigil had the Certificate as to the State of the Record changed so that the Amended Complaint served during the stay would no longer be the basis of Kline's 'default' . . .").

23.     The state court held a hearing to consider Plaintiff's motions to reconsider the Order Approving Foreclosure Sale under Rule 59 and Rule 60, Fed.R.Civ.P. on June 20, 2006. The state court entered orders denying Plaintiff's motions for reconsideration the same date. *See* Defendants' Motion for Summary Judgment, Exhibit C - Affidavit of Richard Leverick, ¶ 21.

24.     An Order Correcting the Certificate as to the State of the Record was entered in the State Court Foreclosure Action on June 20, 2006 reflecting that Plaintiff was first served on March 18, 2005 with the summons and complaint filed in the State Court Foreclosure Action. *See* Defendants' Motion for Summary Judgment, Exhibit C-1.[5]

25.     Plaintiff filed an appeal from the orders entered on June 20, 2006 in the State Court Foreclosure Action. *See* Certified copy of Memorandum Opinion entered in the Court of Appeal of the State of New Mexico on May 14, 2008 -  Exhibit F to Defendants' Response (Docket No. 217).

26.     Plaintiff did not prevail on appeal. *Id.*

---

[5] Plaintiff complains that Defendants' Exhibit C-1 is not a certified copy of the Order Correcting Certificate as to the State of the Record filed in the State Court Foreclosure Action.  However, documents offered in support of a motion for summary judgment can be authenticated by an affidavit that meets the requirements of Rule 56(e), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P.  *See Harris v. Beneficial Oklahoma, Inc. (In re Harris),* 209 B.R. 990, 996 (10th Cir. BAP 1997)(stating that "'[i]n order for documents not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test: (1) the document must be attached to and authenticated by an affidavit which conforms to Rule 56(e); and (2) the affiant must be a competent witness through whom the document can be received into evidence . . . '")(quoting 11 James Wm. Moore et al., *Moore's Federal Practice* §§ 56.10[4][c][i] & 56.14[2][c] (3d ed. 1997)(footnotes omitted)).  Exhibit C-1 was attached to the Affidavit of Richard Leverick, the attorney who represented Deutsche Bank National Trust in the State Court Foreclosure Action, and, as authenticated by a person through whom the document can be admitted into evidence, is sufficient for purposes of summary judgment.

7

DISCUSSION

A. Defendants' Actions Following the Termination of the Automatic Stay Do Not Constitute a Willful Violation of the Automatic Stay under 11 U.S.C. § 362(k)[6]

Pursuant to 11 U.S.C. § 362(k), a debtor damaged by a creditor's willful violation of the automatic stay is entitled to recover damages. That section provides, in relevant part:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

A debtor who alleges a willful violation of the automatic stay and seeks damages under 11 U.S.C. § 362(k) bears the burden of proving, by a preponderance of the evidence, that the creditor willfully acted in violation of the automatic stay and that the debtor suffered damages as a result of such action.[7]

It is undisputed that Defendants served Plaintiff with the Amended Complaint in the State Court Foreclosure Action after the date Plaintiff filed her Chapter 13 bankruptcy case, but before Defendants had knowledge of Plaintiff's pending bankruptcy case. Service of the Amended

---

[6] Plaintiff has abandoned her claim for damages for willful violation of the automatic stay based on Defendants' post-petition service of the Amended Complaint. *See* Plaintiff's 2nd Motion for Summary Judgment, p.1 ("Plaintiff asks the Court to hold Defendants . . . liable . . . for willful violation of the automatic stay when Defendants did not remedy their technical violation after learning of Plaintiff's Chapter 13."). Defendants did not receive notice of Plaintiff's bankruptcy until *after* service of the Amended Complaint. This intentional act constitutes a "technical" violation of the automatic stay that does not support a claim for damages under 11 U.S.C. § 362(k)(1). *See Kline v. Tiedemann (In re Kline),* 424 B.R. 516, 523 (Bankr.D.N.M. 2010)("Actions taken without notice or knowledge on the part of a creditor of the commencement or pendency of the bankruptcy case nevertheless violate the stay, but the violation is merely 'technical' and no damages are to be awarded.")(citing *In re McMullen,* 386 F.3d 320, 330 (1st Cir. 2004)(remaining additional citations omitted).

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005, changed 11 U.S.C. § 362(h) to 11 U.S.C. § 362(k). Service of the Amended Complaint occurred when former 11 U.S.C. § 362(h) was in effect. The ongoing activity Plaintiff complains of occurred after BAPCPA's effective date. The applicable language of the statute did not change after the enactment of BAPCPA.

[7] *See Kline,* 424 B.R. at 524 ("A debtor alleging a [willful] violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation of the automatic stay has occurred, that the violation was willfully committed and that the debtor suffered damage as a result of the violation.")(citing *In re Johnson,* 501 F.3d 1163, 1172 (10th Cir. 2007)).

8

Complaint constituted a technical violation of the automatic stay.[8] Plaintiff asserts that Defendants failed to remedy their technical violation of the automatic stay by failing to re-serve the Amended Complaint following the termination of the automatic stay and by relying on service of the Amended Complaint to obtain the Judgment for Foreclosure. Plaintiff argues that such actions constitute a willful violation of the automatic stay.

It is correct that a technical violation of the automatic stay can become willful when a creditor refuses to remedy the violation after receiving notice of the automatic stay.[9] For example, in *Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210 (9th Cir. 2010), a case relied upon by Plaintiff, the Ninth Circuit affirmed the bankruptcy court's determination that the creditor's failure to immediately dismiss its state court collection action after learning of the debtor's bankruptcy constituted a willful violation of the automatic stay, stating:

> [a] party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to §362(h).

*Eskanos,* 309 F.3d at 1214.

The Ninth Circuit reasoned in part that because the scope of the protections provided by the automatic stay is very broad, and because 11 U.S.C. § 362(a)(1)[10] expressly prohibits the

---

[8] *See Kline,* 424 B.R. at 523 n. 13 (explaining that "'[t]echnical violation of the automatic stay' as used by this Court means a stay violation committed without notice or knowledge of the bankruptcy case in which the stay was violated."); *McMullen,* 386 F.3d at 330 ("Absent such knowledge [of the bankruptcy case] on the part of a creditor, however, the violation is merely 'technical,' . . .").

[9] *See, e.g., Johnson,* 501 F.3d at 1172 (refusal to return a vehicle repossessed in violation of the stay after learning of the bankruptcy constituted a willful stay violation); *In re Scroggin,* 364 B.R. 772 (10th Cir. BAP 2007)(creditor's failure to cease garnishing debtor's wages after receiving notice of the bankruptcy constituted a willful violation of the automatic stay); *Diviney v. Nationsbank of Texas, N.A. (In re Diviney),* 225 B.R. 762, 776 (10th Cir. BAP 1998)(creditor's failure to remedy the violation after receiving notice of the stay by refusing to return car to the debtors and instead selling the car constituted a willful violation of the automatic stay); *Brown v. Joe Addison, Inc. (In re Brown),* 210 B.R. 878 (Bankr.S.D.Ga. 1997)(finding that creditor had a duty to return vehicle that was repossessed post-petition without knowledge of the bankruptcy).

[10] Section 362(a)(1) provides, in relevant part:
. . . a petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of –
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could

continuation of judicial actions, Eskanos & Adler's delay in dismissing the state court collection action constituted a willful stay violation. *Id.* at 1214. The Ninth Circuit rejected Eskanos & Adler's argument that some further collection efforts were required in order to violate 11 U.S.C. § 362(a)(1), noting that "[a] debtor enjoys little satisfaction from a creditor's honest words that it files a collection action in state court but refrains from persisting in the collection action until bankruptcy proceedings sort itself out." *Id.*

*Eskanos* is distinguishable from the instant case in one crucial respect: in *Eskanos* the creditor commenced the state court collection action *after* the debtor filed bankruptcy. Here, Defendants filed the State Court Foreclosure Action *before* Plaintiff filed her bankruptcy case. Defendants also served Plaintiff with the original complaint in the State Court Foreclosure Action pre-petition. Defendants served the Amended Complaint in technical violation of the automatic stay, but took no further action in the State Court Foreclosure Action until after the termination of the automatic stay. The Court finds that Defendants' actions do not constitute a continuing willful violation of the automatic stay under 11 U.S.C. § 362(k) as a matter of law.

The facts not subject to genuine dispute in this case are somewhat similar to the facts in *In re Long,* 2009 WL 981134 (Bankr.D.Mont. Jan. 9, 2009). In *Long,* the creditor commenced an action against the debtor in state court to collect on a defaulted business loan approximately six months before the debtor filed his bankruptcy petition. *Long,* 2009 WL 981134 at *1. There was no evidence that the creditor contacted the debtor post-petition to demand payment or that the creditor took any further action in the state court collection action while the stay was in place. *Id.* at *2. The creditor did not dismiss the state court action after receiving notice of the bankruptcy. *Id.* The *Long* court rejected the debtor's argument that the creditor had an

---

have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
11 U.S.C. § 362(a)(1).

10

Case 09-01035-j    Doc 230    Filed 09/02/11    Entered 09/02/11 15:58:03 Page 10 of 17

affirmative duty to dismiss the pending state court action upon learning of the debtor's bankruptcy case, and concluded that because the creditor initiated the state court action pre-petition and took no action post-petition in furtherance of its claim such that the state court action was stayed, the debtor could not sustain a claim for willful violation of the automatic stay. *Id.* at *5 and *6.

Plaintiff contends that Defendants improperly obtained the Judgment for Foreclosure based on the post-petition service of the Amended Complaint, which was void.[11] She reasons further that Defendants' failure to re-serve her with the Amended Complaint following the dismissal of her Chapter 13 bankruptcy case and the continuation of their foreclosure efforts constitutes a willful stay violation. One of the Ninth Circuit's concerns in *Eskanos* was the potential risk of default by a debtor if a creditor fails to dismiss a pending state court action commenced in violation of the stay.[12] The Judgment for Foreclosure was entered against Plaintiff in the State Court Foreclosure Action by default after termination of the stay. However, the facts not subject to genuine dispute establish that the Judgment for Foreclosure was premised on service of the original complaint before the stay went into effect, not the Amended Complaint. The state court refused to set aside the Judgment for Foreclosure and ordered that the Certificate as to the State of the Record be corrected to reflect service of the original complaint on Plaintiff on March 18, 2005. As discussed below, the correctness of the state court's ruling is not something this Court can now consider. Defendants stayed their

---

[11] Actions taken in violation of the automatic stay are void. *Ellis v. Consol. Diesel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir. 1990)("It is well established that any action taken in violation of the automatic stay is void and without effect.")(citation omitted). *See also, In re Gagliardi,* 290 B.R. 808, 814 (Bankr.D.Colo. 2003)(noting that "[a]ctions taken in violation of the automatic stay are void and of no force or effect, even when there is no actual notice of the existence of the stay.")(citing *In re Calder,* 907 F.3d 953, 956 (10th Cir. 1990)(remaining citations omitted).
[12] *Eskanos,* 309 F.3d at 1214 (observing that "[a]ctive state filings exist as more than placeholders—the risk of default judgment looms over the debtor throughout."). *See also Long,* 2009 WL 981134 at *5 (finding that the risk of default noted in *Eskanos* was not at issue because Mr. Long had filed an answer in the state court action and had opposed the creditor's motion for summary judgment in the state court action).

11

collection efforts upon learning of Plaintiff's bankruptcy case and did not resume their efforts until *after* the stay terminated. Defendants did not have an affirmative duty to dismiss the State Court Foreclosure Action they initiated pre-petition.

The other cases upon which Plaintiff relies are also either distinguishable or inapplicable. In *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969 (1st Cir. 1997), the creditor obtained a judgment for foreclosure post-petition and obtained an order from the bankruptcy court for retroactive relief from the automatic stay. The First Circuit reversed, finding that the post-petition judgment obtained in violation of the automatic stay was void, and that there were no compelling facts to justify retroactive relief from the automatic stay. *Soares,* 107 F.3d at 978. In contrast, the Judgment for Foreclosure at issue in this case was entered well after the stay terminated upon dismissal of Plaintiff's Chapter 13 bankruptcy case. In *In re Scroggin,* 364 B.R. 772 (10th Cir. BAP 2007), a creditor who obtained a pre-petition order for garnishment of the debtor's wages failed to release the garnishment upon learning of the debtor's bankruptcy. The Tenth Circuit Bankruptcy Appellate Panel found that the creditor's refusal to take affirmative action to terminate the garnishment was a willful violation of the automatic stay. *Scroggins,* 364 B.R. at 780. The debtor continued to have his wages garnished despite the filing of his bankruptcy case because the creditor failed to take affirmative steps to stop the garnishment.

Defendants in this case took no action to dismiss the State Court Foreclosure Action, but they stayed their collection efforts upon learning of Plaintiff's bankruptcy. Unlike a garnishment action, where the debtor continues to have wages garnished while the automatic stay is in effect until the garnishment is stopped, the defendant in a foreclosure action does not lose his or her property until after the creditor obtains a judgment for foreclosure and completes the

12

foreclosure sale. Similarly, in *In re Johnson,* 501 F.3d 1163 (10th Cir. 2007), the creditor refused to return a pickup truck that the creditor had repossessed post-petition. By retaining the vehicle, the creditor willfully deprived the debtor of the property while the stay was in effect. *Diviney v. Nationsbank of Texas, N.A. (In re Diviney),* 225 B.R. 762 (10th Cir. BAP 1998) also involved a creditor's refusal to return a vehicle that the creditor repossessed in violation of the automatic stay. Here, the Judgment for Foreclosure was entered after the termination of the automatic stay. Finally, in *Crysen/Montenay Energy Co. v. Esselen Associates, Inc. (In re Crysen/Montenay Energy Co.),* 902 F.2d 1098 (2nd Cir. 1990), the creditor sued to enforce a cause of action that was property of the debtor's bankruptcy estate in violation of the automatic stay. Like *Eskanos,* the suit was commenced *after* the filing of the debtor's bankruptcy case.

Based on the foregoing, the Court finds as a matter of law that Defendants' actions do not constitute a willful violation of the automatic stay. Defendants were not required to dismiss the State Court Foreclosure proceeding they initiated pre-petition upon learning of Plaintiff's bankruptcy. And, as discussed below, Plaintiff cannot revisit the propriety of the Judgment for Foreclosure through a claim for willful violation of the automatic stay.

B. The *Rooker-Feldman* Doctrine[13] Bars Re-litigation of Issues Relating to the Service of the Complaint and the Amended Complaint and the Propriety of the Entry of the Judgment for Foreclosure and the Order Confirming the Foreclosure Sale in the State Court Foreclosure Action

As determined in the Court's prior Memorandum Opinion, neither *res judicata* nor collateral estoppel bar Plaintiff from litigating the issue of whether the Defendants' actions taken in the State Court Foreclosure Action constituted a willful violation of the automatic stay under 11

---

[13]The *Rooker-Feldman* doctrine was named after two United States Supreme Court cases that defined the scope of the doctrine. *See Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fid. Trust Co.* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). "The *Rooker–Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Services, Inc. v. Nudell,* 363 F.3d 1072, 1074-75 (10th Cir. 2004)(citations omitted).

U.S.C. § 362(k)(1).[14] Nor does the *Rooker-Feldman* doctrine bar a debtor's independent claim for willful violation of the automatic stay under 11 U.S.C. § 362(k).[15] However, Plaintiff's arguments that Defendants should have stopped prosecuting or dismissed the State Court Foreclosure Action are premised in large part on her arguments that the Defendants were required to re-serve the Amended Complaint after the automatic stay terminated, and that Defendants improperly relied on service of the Amended Complaint to obtain the Foreclosure Judgment. But by asserting that Defendants were required to "undo" the Judgment for Foreclosure entered in the State Court Foreclosure Action because they improperly relied on the post-petition service of the Amended Complaint, Plaintiff is asking this Court to review the decision of the state court that Deutsche Bank was entitled to judgment based on service of a complaint before the stay went into effect. The *Rooker-Feldman* doctrine bars this type of collateral attack on a state court judgment.

The *Rooker-Feldman* doctrine bars a lower federal court's review of state court decisions.[16] The doctrine "prohibits federal suits that amount to appeals of state-court

---

[14] *See* Memorandum Opinion (Docket No. 69), pp. 9 – 11.
[15] *See In re Martyak,* 432 B.R. 25, 31 (Bankr.N.D.N.Y. 2010)(stating that "*Rooker-Feldman* does not bar a plaintiff from presenting an independent claim" and finding, therefore, that "*Rooker-Feldman* does not apply to bar Debtor's cause of action under Code section 362."); *In re Steward,* 338 B.R. 654, 663 (Bankr.D.N.J. 2006)(stating that the determination of the applicability of the automatic stay does not violate the *Rooker-Feldman* doctrine). *See also, In re Mid-City Parking, Inc.,* 332 B.R. 798, 805 (Bankr.N.D.Ill. 2005)(explaining that "collateral challenges to a state court's automatic-stay determination are not forbidden by the *Rooker-Feldman* doctrine, because the bankruptcy court is viewed as enforcing its own injunction pursuant to the Supremacy Clause rather than conducting unauthorized appellate review of a state court order.")(citing *Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1083 (9th Cir. 2000)). *But cf. Siskin v. Complete Aircraft Services, Inc. (In re Siskin),* 258 B.R. 554 (Bankr.E.D.N.Y. 2001)(determining that bankruptcy court was precluded under the *Rooker-Feldman* doctrine from hearing debtor's claim for alleged willful stay violation where prior state court judgment determined that debtor's imprisonment did not violate the automatic stay).
[16] *See Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303 ("'lower federal courts possess no power whatever to sit in direct review of state court decisions.'")(citing *Atlantic Coast Line R. Co. v. Engineers,* 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)); *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 476 (10th Cir. 2002)("*Rooker-Feldman* protects state-court judgments from impermissible appellate review by lower federal courts."), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In *Exxon Mobil* the Supreme Court clarified that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

14

judgments." *Bolden v. City of Topeka*, *Kansas,* 441 F.3d 1129, 1139 (10th Cir.2006). In applying the doctrine, the Tenth Circuit instructs the court to "focus on whether the lower federal court, if it adjudicated plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Merrill Lynch Bus. Fin. Services, Inc. v. Nudell,* 363 F.3d 1072, 1075(10th Cir. 2004)(citations omitted). The *Rooker-Feldman* doctrine is limited to preclude litigation of "'claims actually decided by a state court and claims 'inextricably intertwined' with a prior state- court judgment.'" *Tal v. Hogan,* 453 F.3d 1244, 1270 (10th Cir. 2006)(quoting *Kenmen Eng'g,* 314 F.3d at 473). A claim is "inextricably intertwined" when the alleged injury resulted from the state court judgment itself. *Nudell,* 363 F.3d at 1075 (citing *Kenmen Eng'g,* 314 F.3d at 476).[17] In other words, if the state court judgment actually and proximately caused the injury the plaintiff seeks to redress, the federal claim is inextricably intertwined with the state court judgment and the *Rooker-Feldman* doctrine bars review of the plaintiff's claim. *Id.*

Plaintiff asserts that she would not have lost her property through foreclosure if Defendants had not violated the automatic stay by refusing to dismiss the State Court Foreclosure Action or otherwise "undo" the Judgment for Foreclosure. Her assertion is based on her contention that Deutsche Bank wrongfully obtained a default judgment after termination of the stay based on the Amended Complaint served in violation of the stay. At several hearings in the State Court Foreclosure Action, Plaintiff made the very same arguments she now asserts: 1) that the Amended Complaint superseded the original complaint; 2) that service of the Amended

---

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil,* 544 U.S. at 284, 125 S.Ct. at 1522.

[17] *See also, Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008)(explaining that claims are "inextricably intertwined" with the state court decision when "'the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'")(quoting *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003)); *Dockery v. Cullen & Dykman,* 90 F.Supp.2d 233, 236 (E.D.N.Y. 2000), *aff'd,* 2 Fed.Appx. 78 (2nd Cir. 2001)(stating that "[t]he issues raised in a plaintiff's complaint are inextricably intertwined with a state court judgment if the federal claim would succeed only if the state court wrongly decided the issue.")(citation omitted).

15

Complaint post-petition was void; 3) that Defendants were required to re-serve the Amended Complaint; and 4) that because Defendants did not re-serve the Amended Complaint she could not be held in default. Defendants countered that they were not required to re-serve Plaintiff with the Amended Complaint and that they were, in fact, relying on service of the original complaint in seeking judgment against Plaintiff by default. The state court judge considered these arguments on the record in the hearing held in the State Court Foreclosure Action on May 9, 2006. By refusing to set aside the default judgment, the state court necessarily rejected Plaintiff's arguments.[18] The state court granted a default judgment based on the complaint filed before Plaintiff commenced her Chapter 13 Case without requiring Deutsche Bank to re-serve the Amended Complaint.

The Plaintiff seeks redress from this Court based on damage to her caused by enforcement of the Judgment for Foreclosure. To grant such redress, this Court would need to decide whether the state court correctly applied state law by granting a default judgment based on the complaint filed and served before Plaintiff commenced her Chapter 13 Case without requiring Deutsche Bank to re-serve the Amended Complaint on the ground that it superceded the original complaint. Such a review would require this Court to act as a de facto appellate court to review the state court decision applying state law. The *Rooker-Feldman* doctrine bars such review. In sum, because this part of Plaintiff's claim for willful violation of the automatic stay is premised on the injury she suffered as a result of the entry of the Judgment for

---

[18] Though Plaintiff also raised these arguments on appeal, the Court of Appeals did not consider them because it found that the Plaintiff failed to timely appeal from the entry of the default judgment.

16

Foreclosure rendered upon an alleged erroneous application of state law, such claim is inextricably intertwined with the prior state court judgment and this Court cannot consider it.[19]

Based on the foregoing, the Court concludes based on the facts not subject to genuine dispute that Defendants are entitled to summary judgment as a matter of law. Orders consistent with this Memorandum Opinion will be entered. The trial now scheduled for September 13 through 15, 2011 will be vacated.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: September 2, 2011

COPY TO:

Karen Marie Kline
3255 Calle de Molina
Santa Fe, NM 87507

Richard M. Leverick
Attorney for Defendants
5120 San Francisco NE
Albuquerque, NM 87109

---

[19] *Cf. Dockery,* 90 F.Supp. at 236 (finding that even if the plaintiff had not raised a claim for willful violation of the automatic stay in the state court foreclosure proceeding, the *Rooker-Feldman* doctrine would bar the plaintiff from seeking to overturn the state court foreclosure judgment in federal court.)(citation omitted).

17